**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 24, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KENT MATTHEW STAPP,

    Defendant - Appellant.

No. 25-6157
(D.C. No. 5:24-CR-00303-HE-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TYMKOVICH**, **BACHARACH**, and **ROSSMAN**, Circuit Judges.

_____

Kent Matthew Stapp is a prisoner who pleaded guilty to possession of a prohibited object. *See* 18 U.S.C. § 1791(a)(2). He was sentenced to 24 months in prison.[1] Mr. Stapp seeks to appeal his sentence, but the government has moved to enforce the appeal waiver contained in his plea agreement. *See United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc).

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Mr. Stapp was already incarcerated when the underlying conduct for the instant offense occurred. The 24-month sentence was imposed to run consecutively to his previous sentence.

Mr. Stapp's attorney responded, saying it would be frivolous to oppose the government's motion, and he requests to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Mr. Stapp filed a pro se response in opposition to his attorney's *Anders* motion. He appears to argue that his appeal falls outside of the scope of his appeal waiver and that he did not enter into the agreement knowingly and voluntarily.[2] He specifically argues that his sentence was too high, because, while he possessed a prohibited object, he did not possess a weapon, and his plea agreement led him to believe that he would be sentenced for possessing a prohibited object, not a weapon. He also appears to assert that the attorneys involved in his proceedings below tricked him into entering a guilty plea.

We will enforce an appeal waiver if (1) the appeal falls within the waiver's scope, (2) the defendant knowingly and voluntarily waived the right to appeal, and (3) enforcing the waiver will not result in a miscarriage of justice. *See Hahn*, 359 F.3d at 1325.

**Scope of the Waiver**

Mr. Stapp waived the right to appeal his conviction as part of his plea agreement. And he waived the right to appeal his sentence unless it exceeded the applicable Sentencing Guidelines range, which was 27 to 33 months in prison. We reject his argument that his sentence was too high. Mr. Stapp's 24-month sentence does not meet this exception, so his appeal waiver covers this appeal.

---

[2] We construe Mr. Stapp's pleadings liberally but do not serve as his advocate. *Luo v. Wang*, 71 F.4th 1289, 1291 n.1 (10th Cir. 2023).

**Knowing and Voluntary Waiver**

Both the plea agreement and the plea colloquy make clear that the plea waiver was knowing and voluntary. Mr. Stapp underwent a competency evaluation before entering his plea and was found competent to proceed. The plea agreement, which Mr. Stapp signed, states that the appeal waiver was knowing and voluntary. The district court, in accepting Mr. Stapp's guilty plea, complied with Fed. R. Crim. P. 11(b) and conducted an adequate plea colloquy.

Turning to Mr. Stapp's arguments on this factor, we conclude that he entered into his plea knowingly and voluntarily. First, he represented to the district court in the text of his plea agreement and during the plea colloquy that he possessed an object that could be used as a weapon. Second, our review of the record does not reflect any collusion or trickery from any party as relates to Mr. Stapp's guilty plea.

Nothing in the record indicates that Mr. Stapp's plea was entered unknowingly or involuntarily.

**Miscarriage of Justice**

Enforcing an appeal waiver will result in a miscarriage of justice if (1) the district court relied on an impermissible sentencing factor; (2) ineffective assistance of counsel in negotiating the waiver makes it invalid; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in a way that seriously affects the fairness, integrity, or public reputation of the proceedings. *See Hahn*, 359 F.3d at 1327. We see nothing suggesting that enforcing the waiver here will result in a miscarriage of justice.

3

We grant counsel's motion to withdraw.  We grant the government's motion to enforce the appeal waiver.  We dismiss this appeal.

Entered for the Court

Per Curiam